# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

U.S. BANK NATIONAL
ASSOCIATION,

      **Plaintiff,**

  **v.**             **1:15-cv-357-WSD**

TINA M. SANDERS,

      **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant Tina M. Sanders's

("Defendant" or "Sanders") Objections [8] to Magistrate Judge Walter E.

Johnson's Report and Recommendation ("R&R") [3].  The R&R recommends

remanding this dispossessory action to the Magistrate Court of Gwinnett County,

Georgia.  Also before the Court is Defendant's "Ammendment [sic] of Complaint

for Emergency Action of Removal of State Action to Federal Court," which the

Court construes as Defendant's Amended Notice of Removal [5], and Defendant's

"Emergency Motion to Stay State Court Proceedings" ("Motion to Stay") [10].[1]

---

[1]   Because Defendant filed her Amended Notice of Removal, the R&R, which considers Defendant's original Notice of Removal, and Defendant's Objections to the R&R, are therefore deemed moot.

## I.   BACKGROUND

Defendant has a lengthy history of challenging the validity of her mortgage

debt and seeking to delay foreclosure of, and dispossession from, her home,

located at 2540 Sable Ridge Court, Buford, Georgia (the "Property"), following

her default on her loan obligations.[2]

---

[2]     Defendant has filed at least four bankruptcy cases in the Northern District of Georgia since obtaining her mortgage: (i) No. 08-50078, filed October 6, 2008, and discharged May 4, 2009; (ii) No. 10-89227, filed October 1, 2010, and dismissed December 29, 2010, for failure to pay the filing fee; (iii) No. 11-55668, filed February 25, 2011, and dismissed June 16, 2011, for failure to file required financial information and failure to attend meeting of creditors; and (iv) No. 12-55493, filed March 2, 2012, dismissed with prejudice August 16, 2012 for willful failure to prosecute, and appeal denied on July 9, 2013.  In connection with her third bankruptcy case, Sanders also filed an adversary action against Chase and U.S. Bank challenging their standing to foreclose on the Property and the validity of her mortgage debt.  Sanders v. Chase, et al., No. 11-5321-JB (Bankr. N.D. Ga. 2011) (filed June 13, 2011, and dismissed September 13, 2011, because underlying bankruptcy case was dismissed).  In appealing the dismissal of her most recent bankruptcy case, Sanders moved to stay foreclosure pending the outcome of her appeal and stated that her petition "was filed for protection from JPMorgan Chase to stop her [sic] foreclosure and to allow a Modification to go thru [sic]."  Sanders v. Townson, No. 1:12-cv-3304, Docs. 5, 15 at 3 (N.D. Ga. 2012).  On July 9, 2013, the Court dismissed Sanders's appeal including because it found that her appeal and multiple bankruptcy cases were filed for the purpose of delaying foreclosure and that her conduct constituted an abuse of the bankruptcy system.  Id. at Doc. 17.

On November 19, 2013, the Court dismissed as frivolous two identical complaints, filed pro se and in forma pauperis, in which Sanders asserted claims for, among others, breach of contract, negligence and "fraudulent assignments of mortgage – void," against U.S. Bank and its foreclosure counsel, McCalla Raymer, and sought to enjoin them "from further dispersing and damaging [her] private property," rescission of her mortgage, quiet title to the Property and damages in the

On April 30, 2014, U.S. Bank National Association ("Plaintiff" or "U.S. Bank") filed, in the Magistrate Court of Gwinnett County, Georgia, a dispossessory action (the "Dispossessory Action") against Defendant.[3] (Complaint [2 at 2]). The Complaint in the Dispossessory Action asserts that Defendant is a tenant at sufferance following an April 1, 2014, foreclosure sale of the Property.

On May 20, 2014, Defendant, proceeding *pro se*, removed the Dispossessory Action to this Court on the basis of diversity of citizenship. See U.S. Bank Nat'l Assoc. v. Sanders, No. 1:14-cv-1534, Doc. 1 (N.D. Ga.). Defendant also filed a counterclaim for violation of the False Claims Act, alleging that she did not receive proper notice of the foreclosure sale and that "her Note is paid in full and there is not [sic] default" because "[t]he United States of American [sic] [p]aid [her mortgage] via the Pooling and Service [sic] Agreement." Id.

On September 30, 2014, the Court, having found that it lacked subject matter jurisdiction, remanded the Dispossessory Action to the Magistrate Court of Gwinnett County. Id. at Doc. 15.

---

amount of $14,000,000. See Sanders v. U.S. Bank, et al., Nos. 1:13-cv-3192, 1:13-cv-3315.

    This is also Defendant's second attempt to remove the Dispossessory Action to this Court. See U.S. Bank Nat'l Assoc. v. Sanders, No. 1:14-cv-1534 (N.D. Ga. May 20, 2014).

[3]    No. 14-M-14005, docket available at: www.gwinnettcourts.com.

On October 22, 2014, the Magistrate Court of Gwinnett County granted Plaintiff a Writ of Possession for the Property.

On October 24, 2014, Defendant filed her Notice of Appeal to the Superior Court of Gwinnett County, Georgia.[4]

On January 26, 2015, the Superior Court of Gwinnett County granted U.S. Bank's motion for summary judgment on Sanders's counterclaims and issued a Writ of Possession for the Property in favor of U.S. Bank.

Also on January 26, 2015, Defendant moved for reconsideration of the Superior Court's January 26th Order, which the Superior Court denied on January 27, 2015.

On February 4, 2015, Defendant removed the Dispossessory Action to this Court and filed an application to proceed *in forma pauperis* ("IFP").  Defendant asserts that she "has exhausted the state remedies and that the ruling of the state court violates the Constitutional rites [sic] of the plaintiff [sic]."  (Notice of Removal [2] at 1).  Defendant asserts that her "rites [sic] of liberty to [her] place of residency are being violated by the unlawful ruling of the State Court and the State Courts [sic] refusal to hear the appeal."  (Id.).

---

[4]     No. 14-A-09883-4, docket available at: www.gwinnettcourts.com.

On February 13, 2015, the Magistrate Judge Johnson granted Defendant's IFP application and issued his R&R.  The Magistrate Judge considered, *sua sponte*, whether the Court has subject-matter jurisdiction over this action.  He concluded that the Court's jurisdiction cannot be based on diversity of citizenship.  He also found that the Dispossessory Action is based on state law, and because federal jurisdiction cannot be based on a defendant's answer or notice of removal, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  Because the Court lacks subject-matter jurisdiction, the Magistrate Judge recommended that this action be remanded to state court.

Also on February 13, 2015, Defendant filed her Amended Notice of Removal, asserting that she "has been the victim of fraud by [U.S. Bank] through the use of fraudulent documents and fraud perpetrated on the state court by [U.S. Bank] in its filing of the state complaint and use of same during the state court process."  (Amended Notice of Removal [5] at 1).  Defendant argues that U.S. Bank "initiated the foreclosure action based upon and through the use of fraudulent documents," and that "[t]he assignment upon which foreclosure and all subsequent proceedings of foreclosure was based is fraudulent" because the assignment was executed by a purported "robo-signer."  (Id. at 2).

On February 27, 2015, Defendant filed her Objections to the R&R, arguing that the Magistrate Judge failed to consider her Amended Notice of Removal, which, Defendant contends, "ma[kes] clear that what [she] addresses is the fraudulent state court foreclosure proceedings *not* the state court [D]ispossessory [A]ction." (Objs. at 1).

On April 3, 2015, the Superior Court of Gwinnett County issued an order ("April 3rd Order") granting summary judgment and a writ of possession for the Property to Plaintiff. (Pl's Notice of Filing [11]).

On April 7, 2015, Defendant filed her "Emergency Motion to Stay State Court Proceedings" ("Motion to Stay") [10]. Defendant contends that, because she removed the Dispossessory Action to this Court, the Superior Court lacked authority to issue its April 3rd Order.

The Court first considers whether it has subject matter jurisdiction over this action.

## II.    DISCUSSION

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. It is well-settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S.

Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law.  See O.C.G.A. § 44-7-50; Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843 (Ga. Ct. App. 2009) (when former owner of real property remain in possession after foreclosure sale, she becomes "tenant at sufferance," and thus landlord-tenant relationship exists and dispossessory procedure in O.C.G.A. § 44-7-50 applies).

No federal question is presented on the face of Plaintiff's Complaint.  That Defendant asserts defenses or counterclaims based on federal law—including that Georgia's foreclosure and dispossessory process violates her rights under the United States Constitution—cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987) ("The presence of a federal defense does not make the case removable . . . .").  Removal is not proper based on federal question jurisdiction.

Although not alleged in her Notice of Removal, or Amended Notice of Removal, because of Defendant's *pro se* status, the Court also considers whether it has subject-matter jurisdiction based on diversity of citizenship.  Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Here, the record does not show the citizenship of the parties, and, even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001),

aff'd, 35 F. App'x 585 (11th Cir. 2002).  "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy."  Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Superior Court of Gwinnett County, Georgia.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[5, 6]  Because this action is required to be remanded, Defendant's

---

[5]     Even if subject matter jurisdiction existed, the Court lacks jurisdiction under the Rooker-Feldman doctrine to grant Defendant the relief she seeks—an order finding that the completed Dispossessory Action was wrongful and overturning the Writ of Possession issued by the state court.  Federal district courts "generally lack jurisdiction to review a final state court decision."  Doe v. Fla. Bar, 630 F.3d 1336,

Emergency Motion to Stay State Court Proceedings pending resolution of whether the Court has subject matter jurisdiction, is denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Report and Recommendation [3], and Defendant Objections [8] to the R&R, are deemed **MOOT.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of Gwinnett County, Georgia.

---

1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

[6]      The Court also notes that, even if it had subject matter jurisdiction, Defendant cannot challenge the foreclosure sale of her Property based on perceived defects in the assignment of her mortgage, and her assertions based on "robo-signing" have been repeatedly rejected.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery); Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (rejecting argument that assignment is "fraudulent" because it was executed by a known robo-signer); Sutton v. Bank of Am., N.A., 2012 WL 2394533, at *5 (N.D. Ga. April 11, 2012) (claim that signatures were fraudulent "is unsupported by facts sufficient under Rule 8(a), and plaintiff has cited no legal authority for the proposition that the assignment is somehow ineffective because of the allegiances or professional responsibilities of the individuals who signed it").

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion to Stay State Court Proceedings [10] is **DENIED.**

**SO ORDERED** this 7th day of April, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE